IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DR. LINDA A. RODRIGUE,

Plaintiff,

vs.

OLIN EMPLOYEES CREDIT UNION,

Defendant.                                   No. 00-CV-00869-DRH

MEMORANDUM AND ORDER

HERNDON, District Judge:

## I. Introduction

On April 19, 2005, the Seventh Circuit vacated the Court's judgment and remanded this case so that the Court could modify its judgment to include only those checks cashed within three years of Plaintiff's suit (**Doc. 138**). In accord with the Seventh Circuit's mandate, the Court directed the parties to try to reach an agreement on the dollar amount of the amended judgment (**Doc. 140**). On June 13, 2005, the parties filed a joint Stipulation **(Doc. 144)** along with separate papers outlining the areas where they could not reach an agreement (**Docs. 141 & 143**). For the reasons set forth below, the Court finds Plaintiff is entitled $129,182.56, plus postjudgment interest from the date of the original judgment at the statutory interest rate as defined in **28 U.S.C. § 1961**.

## II.  Analysis

The parties are in agreement that the checks which are within the statute of limitations period per year are as follows:

| Year | Dollar Amount |
|------|---------------|
| 1997 | $  6,873.79 |
| 1998 | $ 78,488.97 |
| 1999 | $ 58,173.42 |
|      | $143,536.18 |
|      | x     90% |
|      | **$129,182.56 = TOTAL** |

The parties also agree, using the above calculation, that Defendant does not owe more than $129,182.56 for the checks cashed or deposited within the three-year limitations period, not including post judgment interest.

The parties disagree, however, about the amount of setoff due to the criminal restitution judgment entered in ***United States v. Wiltshire,*** **No. 00-CR-416-CDP (E.D. Mo.)**[1] and how the criminal restitution order should be handled in this case.  Plaintiff argues that she is entitled to receive the entire $129,182.56 because the amount paid by Wiltshire in restitution represents damages that are separate and distinct from those paid by Defendant.  Plaintiff argues that a setoff is

---

[1]As part of her sentence, Wiltshire was ordered to pay restitution to Plaintiff in the amount of $160,551.61 in monthly installments of $100.00, commencing no later than 30 days after Wiltshire's release from custody **(Doc. 142, Ex. B, Judgment in a Criminal Case, dated Jan. 5, 2001)**.  As of June 3, 2005, Wiltshire has paid approximately $5,249.17 to the Court **(Doc. 142, Ex. A, Criminal Docket for Case #: 4:00-cr-00416-CDP)**.

not authorized pursuant to the Mandatory Victims Restitution Act, **18 U.S.C. §
3664(j)**[2], and is not necessary to prevent Plaintiff from double recovery.  In addition,
Plaintiff argues that numerous checks were stolen prior to November 1, 1997 **(Doc.
142, Ex. C, Exhibit "A")**.  Plaintiff points out that the amount of the checks stolen
in the four years between 1992 and 1996 totals $41,405.07, and the criminal
Judgment did not limit restitution to the amount of the checks stolen by Wiltshire
in the three year period from November 1, 1997 to November 1, 2000.  Plaintiff
argues that it is reasonable to infer that the $5,249.17 paid in restitution by Wiltshire
to Plaintiff represents compensation for Plaintiff's loses in the four year period prior
to 1997, while the $129,182.56 owed by Defendant only includes checks embezzled
by Wiltshire and cashed/deposited by Defendant from November 1, 1997 to

---

[2]**Section 3664(j)** provides:

> **(1)** If a victim has received compensation from insurance or any
> other source with respect to a loss, the court shall order that
> restitution be paid to the person who provided or is obligated to
> provide the compensation, but the restitution order shall provide
> that all restitution of victims required by the order be paid to the
> victims before any restitution is paid to such a provider of compensation.
>
> **(2)** Any amount paid to a victim under an order of restitution shall
> be reduced by any amount later recovered as compensatory
> damages for the same loss by the victim in--
>
> > **(A)** any Federal civil proceeding; and
> >
> > **(B)** any State civil proceeding, to the extent provided by the
> > law of the State.

**18 U.S.C. § 3664(j).**

November 1, 2000.

Plaintiff also points out that under **18 U.S.C. § 3664(j)(1)** all restitution must be paid to the victims before the third-party provider.  Plaintiff reasons that if the Court allows her to keep the $5,249.17, plus $129,182.56, she will only have received $134,431.73 which is $26,119.88 less than the $160,551.61 ordered in restitution.  Plaintiff argues that not until she receives the entire $160,551.61 is Defendant entitled to recover restitution payments made by Wiltshire pursuant to the criminal judgment.

Defendant argues that the 115 checks subject of this suit are the same 115 checks in the criminal suit.  Defendant asks the Court to setoff the amount owed by Defendant by 68% of the $5,249.17 paid by Wiltshire (Defendant reasons that of the 115 checks that were at issue in both the criminal and civil case a total of $109,182.77 are within the three-year statute of limitation which represents 68% of $160,551.61).  The amount of setoff would be $3,569.44.  Defendant states that once you make this finding, it will then ask the Missouri district court to order that 68% of future payments be sent to Defendant under **18 U.S.C. § 3664(j)**.

Here, the Court knows that the criminal case in the Eastern District of Missouri and the civil case had varying records because the years of offense were the same but the number of checks were different and the amount of money was different. Defendant's argument assumes that each case considered the same checks to some extent, but it is possible that the criminal case was heavier in earlier checks than later checks, and not proportionally distributed as presumed by Defendant.

The Court ordered a setoff in its Order Following Bench Trial **(Doc. 114 at p. 25 n.1)**, of course, because the original order anticipated that Defendant at bar would be paying the entire sum.  Since that is not the case now, a setoff is not necessary. Defendant should pay the $129,182.56 which has been stipulated to by the parties. Whether Judge Perry decides to limit the criminal defendant to the balance of $160,551.61 less $129,182.56 or $31,369.05 is for her to decide.  ***See* 18 U.S.C. § 3664(j)(2); *United States v. Dawson,* 250 F.3d 1048, 1050-51 (7th Cir. 2001);** *see also United States v. Newman,* **144 F.3d 531, 542 (7th Cir. 1998)**.

The parties also disagree about the postjudgment interest rate and when the postjudgment interest rate begins to run.  Plaintiff argues that postjudgment interest should begin to run from the date of the original judgment, April 28, 2003, not the date of the judgment on remand.  Plaintiff argues that the Seventh Circuit did not take away her right to recover for conversion rather it limited the amount of damages she could recover.  Plaintiff argues that this case does not involve a situation where the original judgment was vacated in its entirety.  Plaintiff also asserts that allowing her to collect postjudgment interest from the original judgment would be in keeping with Illinois law which allows a judgment creditor to draw interest on a judgment during the pendency of an appeal, even when it is the judgment creditor that seeks an appeal to correct errors in judgment.  Defendant argues that the interest runs as of the date of the amended judgment that is entered after remand.

It is well-established that a prevailing plaintiff in federal court is automatically entitled to postjudgment interest. *See* **28 U.S.C. § 1961(a);** *Bell, Boyd & Lloyd v. Tapy,* **896 F.2d 1101, 1104 (7th Cir. 1990);** *see also* **10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 2664, at 186-87 (3d ed. 1998).** The purpose of **§ 1961** is to compensate successful plaintiffs for the lost time between the ascertainment of damages and the receipt of payment. *Kaiser Aluminum & Chem. Corp. v. Bonjorno,* **494 U.S. 827, 835 (1990)**. Moreover, such statutory interest is calculated from the date of entry of the judgment and not the date of the order. *See* **28 U.S.C. § 1961(a);** *Miller v. Artistic Cleaners,* **153 F.3d 781, 785 (7th Cir. 1998**). "Where an award of damages is based on an invalid judgment '[i]t would be counterintuitive . . . . to believe that Congress intended postjudgment interest to be calculated from such a judgment.'" *Wheeler v. John Deere Co.,* **935 F.2d 1090, 1097 (10th Cir. 1991)(citing** *FDIC v. Rocket Oil Co.,* **865 F.2d 1158, 1161-62 (10th Cir. 1989) (per curiam))**.

Thus, the extent to which a judgment is invalidated on appeal determines whether the first judgment or the remand judgment triggers the accrual of postjudgment interest. *See id.* **(citing** *Ashland Oil v. Phillips Petroleum Co.,* **607 F.2d 335, 336 (10th Cir.1979),** *cert. denied,* **446 U.S. 936 (1980))**. Where a case is reversed completely on the merits, postjudgment interest commences on the date of the remand judgment. *Kaiser Aluminum,* **494 U.S. at 836**. In contrast,

postjudgment interest accrues on the date of the first judgment when "the reversal is not on any basic liability errors or errors in procedure which affected the basic issues but on a dollar value, a matter of degree." ***Wheeler.* 935 F.2d at 1097(citing *Northern Nat. Gas v. Hegler,* 818 F.2d 730, 737-38 (10th Cir. 1987), *cert. dismissed,* 486 U.S. 1063 (1988))**.  In this case, since the appellate court did not reverse the judgment and only vacated a portion of the judgment, the Court finds postjudgment interest should run from the date of the original judgment at the statutory rate.

### III.  Conclusion

In conclusion, the Court **DIRECTS** the Clerk to enter judgment in favor of Plaintiff in the amount of **$129,182.56**, plus postjudgment interest from the date of the original judgment on April 28, 2003 at the statutory interest rate as defined in **28 U.S.C. § 1961**.

**IT IS SO ORDERED.**

Signed this 27th day of June, 2005.

/s/    David RHerndon
**United States District Judge**